IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARMANDO NUNEZ,

    Defendant.

Case No. 04 C 3385

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Armando Nunez's (hereinafter, "Defendant") Petition for Writ of Habeas Corpus under 18 U.S.C. § 2255 and his Motion to Supplement.

### I. BACKGROUND

Defendant entered into a Guilty-Plea Agreement (hereinafter, the "Agreement") before this Court on December 19, 2002. He was indicted and charged with three counts involving conspiracy and distribution of cocaine. (P.A. at 2). Defendant's counsel, John M. Cutrone, Esq., negotiated a Plea Agreement on Defendant's behalf and advised him to accept the agreement in light of the substantial evidence compiled against Defendant. Pursuant to the Agreement, the government recommended the dismissal of Counts I and III and that the Court impose a reduced sentence on Count II. In exchange, Defendant pled guilty to Count II, involving a violation of 21 U.S.C. § 846: "conspiring to knowingly and intentionally possess

with intent to distribute and to distribute a controlled substance, from October 2001 to September 2002, namely, in excess of five kilograms of mixtures containing cocaine. . . ." Id.

The Agreement states that during the aforementioned time period, Defendant and several co-conspirators agreed to transport drugs concealed in automobiles from the Chicagoland area to distribution locations throughout Illinois, Indiana, and New Jersey. (Id. at 3, 5). The Agreement also states that Defendant drove to New Jersey an average of twice a month over an approximate four-month period to distribute drugs concealed in his vehicle. (Id. at 5). On July 11, 2002, Defendant distributed a cocaine mixture to undercover law enforcement. (Id. at 6). The Court sentenced Defendant to 135 months in prison and 60 months of supervised release pursuant to his plea agreement. (06/10/03 Tr. at 11).

## II. **LEGAL STANDARD**

For relief under 28 U.S.C. § 2255, a prisoner must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice" violating the Constitution or laws of the United States. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). A § 2255 motion does not substitute for a direct appeal. Without raising the habeas issue on appeal, a petitioner must demonstrate good cause for and actual prejudice from the failure to raise the issue. *Theodorou v. United States*, 887 F.2d 1336, 1339

(7th Cir. 1989); *see also Williams v. United States*, 805 F.2d 1301, 1305-06 (7th Cir. 1986), *cert. denied*, 481 U.S. 1039 (1987) (applying this standard to guilty pleas).

### III. **DISCUSSION**

Defendant's petition requests relief on four grounds: (1) ineffective assistance of counsel; (2) the district court's lack of jurisdiction over the case; (3) failure of the district court to construe strictly 18 U.S.C. § 3013; and (4) failure of the district court to construe narrowly United States Sentencing Guidelines Section 2D1.1. Defendant's plea agreement states that "defendant knowingly waives the right to appeal any sentence . . . defendant also waives his right to challenge his sentence . . . in any collateral attack . . . including but not limited to a motion brought under [§ 2255]." (P.A. at 11). So that with respect to grounds two through four, Defendant is foreclosed from bringing these claims in his post-conviction petition.

Further, even if Defendant's claims attacking the jurisdictional legality of his plea agreement and his sentence were not foreclosed, Defendant misunderstands the law and his arguments on grounds two through four are without merit. The United States had proper jurisdiction in this case because of the interstate nature of the drug-crime violations and the factual connection to Chicago, where this Court sits. Also, Defendant's confusing

arguments in his memorandum concerning his sentence and "taxing" under 28 U.S.C. § 3013 are not cognizable claims.

Defendant did not file an appeal in this case on any of the available issues, which include involuntariness or ineffective assistance of counsel. (*See id.*) On March 7, 2005, Defendant filed a motion to supplement his § 2255 petition to include an ineffectiveness of counsel claim regarding his counsels' failure to file an appeal to challenge Defendant's waiver of appellate rights. This amendment is moot because the plea agreement allows Defendant to challenge the voluntariness of his agreement either on appeal or on post-conviction review. (*See id.*) The Court will incorporate his voluntariness arguments into the pending § 2255 petition, which arguments also subsume his ineffective assistance allegations. The Court now considers, on collateral review, Defendant's claims involving the voluntariness of his agreement.

Defendant argues that the Court should revoke his agreement because he does not speak English and he therefore understood "nothing" in his agreement. Defendant's plea agreement is void if the Court finds that it was not knowing and voluntary, which due process requires. *See United States v. Gilliam*, 255 F.3d 428, 433 (7th Cir. 2001); *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005). Defendant's testimony and the attendant circumstances at his change of plea hearing demonstrate that his plea was knowing and voluntary. (*See* 12/19/02 Tr. at 2). His alleged lack of

understanding of English was not an issue at the hearing because a Spanish interpreter was present to assist him. (*Id.* at 2-3). The record also indicates that Defendant understood certain questions independent of his interpreter and was able to answer those questions sufficiently in English. (*See id.*)

Furthermore, Defendant did not object to or question the provisions of his plea agreement during the hearing. He had the opportunity to do so throughout the hearing either on his own accord or in response to the Court's specially tailored questions, which were designed to elicit Defendant's understanding and voluntariness of his plea. (*See id.*); FED. R. CRIM. PROC. 11. Instead, Defendant admitted responsibility for the factual basis of Count II and indicated that he understood the rights he was giving up by pleading guilty, which included the right to appeal the validity of his plea and his sentence. (12/19/02 Tr. at 18-22).

The Court specifically asked Defendant if (1) the plea agreement was read to him before he signed it; (2) he was convinced he understood all the provisions of the agreement; (3) he was satisfied with having gone over the agreement with Counsel in English; and (4) it also was read to him in Spanish. (*Id.* at 23). Defendant responded with an affirmative "[y]es" to all of these questions except the fourth inquiry. *Id.* When Defendant's counsel, Cutrone, assured the Court that Defendant could communicate in English and understood all the terms of the

- 5 -

agreement despite only having reviewed it with counsel in English, Defendant did not disagree. (*Id.*)

Moreover, Defendant did not object to the plea agreement at his subsequent sentencing hearing where he was represented by another attorney, Robert L. Rascia, Esq. (*See generally* 06/10/03 Tr.) He had a full and fair opportunity to do so during sentencing with the assistance of another Spanish interpreter. (*See id.* at 18-21).

In his petition, Defendant does not provide any evidence or other explanation of why he did not protest against terms of the plea agreement during his change of plea hearing or sentencing hearing. (*See* Pet.; 12/19/02 Tr.; 06/10/03 Tr.) Nor does he explain why the argument in his petition -- that he understood "nothing" in English -- contradicts his testimony at both hearings. (*See* Pet.; 12/19/02 Tr.)

An affidavit submitted by Cutrone, Defendant's plea hearing counsel, strengthens the argument that Defendant made his plea knowingly and voluntarily. (*See* Cutrone Aff.) Cutrone had multiple conversations in English with Defendant about the provisions of the plea agreement before Defendant's plea hearing. Cutrone's affidavit states that Defendant demonstrated proficiency in understanding and speaking English and never voiced any hesitation over the terms of his agreement, even after Cutrone constantly asked him if he understood. (*Id.* at ¶¶ 11-12, 19).

Furthermore, during Defendant's change-of-plea hearing, Cutrone, who is an officer of the court, asserted that he and Defendant "communicated mostly in English without a problem." (12/19/02 Tr. at 6).

Moreover, Defendant's multiple signed § 2255 pro se filings consist of relatively complex words and ideas in cogent English. Although not a determinative factor in the outcome of his petition, this fact further supports the clearly established record that Defendant's plea was knowing and voluntary.

Accordingly, Defendant's plea agreement comports with the requirements of due process. His claim of prejudice by ineffective assistance of counsel, which he bases on his counsels' failure to file an appeal, is therefore moot. (Supp. Pet. at 1-3; Pet. Reply at 3). Defendant cannot appeal his sentence because he waived his appellate rights as part of his plea. (P.A. at 11).

## IV. CONCLUSION

For the reasons stated herein, Defendant's Petition for Writ of Habeas Corpus incorporating his Motion to Supplement is **DENIED**. **IT IS SO ORDERED.**

_(signature)_

Harry D. Leinenweber, Judge
United States District Court

Dated: October 18, 2005